(49 South. 169.)

No. 17,521.

STATE v. FLANDRY & BERTRAND.

In re ADAMS, Dist. Atty.

(March 29, 1909. Rehearing Denied April 26, 1909.)

INTOXICATING LIQUORS (§ 45*) — PERMIT TO OPEN BARROOM—STATUTE—RETROACTIVE EFFECT.

Whether the language of section 8, act No. 176, p. 240, of 1908, be taken literally, or construed with reference to circumstances and to canons of construction throwing light upon the intent, the conclusion reached is that the requirement with reference to the obtention of "permits" for the opening or the conducting of barrooms has no application to persons by whom permits had been obtained under the preexisting law, and who had established themselves at places authorized thereby before the passage of the act in question.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 45.*]

Land, J., dissenting.

(Syllabus by the Court.)

Flandry & Bertrand were indicted for a violation of the liquor law. A demurrer was sustained, and the district attorney applies for writs of certiorari, prohibition, and mandamus. Proceeding dismissed.

Walter Guion, Atty. Gen., St. Clair Adams, Dist. Atty., and Warren Doyle, Asst. Dist. Atty. (Ruffin Golson Pleasant, of counsel), for relator; Respondent Judge, pro se. John Patrick Sullivan, Samuel Louis Gilmore, and Adams & Otero, for respondents Flandry & Bertrand.

MONROE, J. The defendants in this case are charged with having conducted a barroom in New Orleans on January 1, 1909, within 300 feet of a church and of a school, measuring the distances from the nearest points between the buildings, respectively, all in violation of the provisions of Act No. 176, p. 236, of 1908. They demurred to the charge on the grounds (1) that the bill of information sets forth no offense known to the law; (2) that it wrongfully construes section 8, act No. 176, p. 240, of 1908, to be retrospective in its effects and operation; (3) that the act in question is unconstitutional, in so far as it undertakes to abridge their privileges and immunities, and deprive them of liberty and property, without due process of law, and deny them the equal protection of the laws. For the purposes of the hearing in the district court, and of the argument in this court, it was, and is, as we understand it, conceded that, at the date of the passage of act No. 176 of 1908, defendants were conducting a barroom in the building to which the information refers by virtue of a permit issued to them by the proper authorities under the pre-existing

---

[1] Ante, p. 527.

law. That being the case, and the act of 1908 prohibiting the granting any permit "for the opening of any barroom * * * within 300 feet of any church or any school where children are taught," the question presented was whether, assuming that defendant's barroom is within 300 feet of a church or school, they are within the meaning of the act. The trial judge decided that to so hold would be to give the act a retrospective effect, and that such interpretation was not demanded by the context; and the case, being unappealable, was then brought up by the district attorney by means of the writ of certiorari, and the district attorney was joined in this court by the Attorney General. Two other cases, arising under the same statute and involving the same point, were brought up in the same way. In one of them, State v. Theodore Grunewald (this day decided) 49 South. 162,[1] the reasons of this court for affirming the judgment of the district court have been given at length. It would serve no useful purpose to repeat them here.

For the reasons assigned in the case of State v. Theodore Grunewald, supra, this day decided, therefore, it is ordered, adjudged, and decreed that the preliminary order herein made be now recalled and rescinded, and this proceeding dismissed.

LAND, J., dissents.